■ In the Matter of MARTIN RAHILLY, JR., Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Corrections, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of Green Haven Correctional Facility dated November 1, 1983, terminating the petitioner's employment as a correction officer, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated April 8, 1986, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs and disbursements, the petition is granted, and the respondents are directed to reinstate the petitioner to his position with full back pay and fringe benefits less any unemployment insurance benefits he may have received during the period in question, and the matter is remitted to the respondents to impose disciplinary measures previously agreed upon by the parties.

The testimony of the petitioner was necessary for the prosecution of the suspected murderer of a correction officer at the Green Haven Correctional Facility. The petitioner was willing to testify as to his knowledge of what happened on the date of the crime, but indicated he would invoke his privilege against self-incrimination and would not testify as to his own prior acts of misconduct. In exchange for the petitioner's agreement to testify fully the respondents agreed to impose certain limited disciplinary measures which would not involve the loss of his employment. Following his testimony at the trial, the notices of discipline served on the petitioner contained penalties which exceeded those previously agreed upon. After the petitioner initiated a grievance procedure pursuant to his union contract, challenging these disciplinary measures, the respondents dismissed him.

Although the respondents may have justifiably imposed more severe penalties upon the petitioner for his egregious conduct, once they proffered the penalties to be imposed and the petitioner agreed to fully cooperate with the authorities and testify at the murder trial based thereon, the respondents were bound, as agents of the State, to fulfill their promises (see, e.g., Santobello v New York, 404 US 257; Matter of Chaipis v State Liq. Auth., 44 NY2d 57). Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.